UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT LOUIS WYATT,<br><br>  Petitioner,<br><br>  v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>  Respondents. | No. 2:14-cv-01932 CKD P (TEMP)<br><br>ORDER |

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma paperis.

Examination of the affidavit reveals petitioner is unable to afford the costs of this action. Accordingly, leave to proceed in forma pauperis is granted.  28 U.S.C. § 1915(a).

In his petition, petitioner appears to be claiming that California Proposition 9, also known as "Marsy's Law," violates the Bill of Attainder Clause of the United States Constitution, which provides that "No Bill of Attainder . . . shall be passed."  U.S. Const. art. 1, §9, cl. 3.  A bill of attainder involves a statute imposing punishment without the benefit of trial.  Nixon v. Administrator of Gen. Servs., 433 U.S. 425, 468 (1977).  Three requirements must be met to establish a violation of the Bill of Attainder Clause:  it must single out an identifiable individual or group, inflict punishment, and dispense with a judicial trial.  Id.; Selective Serv. Sys. v. Minn. Pub. Interest Research Grp., 468 U.S. 841, 846-47 (1984).  Three inquiries determine whether a

1

1  statute "inflicts punishment:" (1) whether the challenged statute falls within the historical
2  meaning of legislative punishment; (2) whether the statute, "viewed in terms of the type and
3  severity of burdens imposed, reasonably can be said to further nonpunitive legislative purposes;"
4  and (3) whether the legislative record "evinces a congressional intent to punish." United States v.
5  Lujan, 504 F.3d 1003, 1006 (9th Cir. 2007) (quoting Selective Serv. Sys., 468 U.S. at 852).
6       Given these requirements, it is evident that Marsy's Law does not constitute a "bill of
7  attainder." Even prior to the enactment of Proposition 9, parole proceedings for California state
8  prisoners were administrative, rather than judicial, in nature. Modifications to parole proceedings
9  put into place by Marsy's Law, therefore, did nothing to deprive inmates of their right to judicial
10  trial. Moreover, the terms of prison sentences imposed by California state courts were unchanged
11  by Marsy's Law, meaning that petitioner was not subjected to additional punishment by the law's
12  enactment. For these reasons, petitioner is not entitled to federal habeas relief with respect to his
13  claim that Marsy's Law constitutes an unlawful Bill of Attainder.
14       The remainder of the operative petition is difficult to decipher. As a result, the court is
15  unable to discern whether the remaining claims state potential grounds for federal habeas relief.
16  That said, petitioner largely appears to be challenging California's habeas procedures. The
17  Supreme Court has "stated many times that 'federal habeas corpus relief does not lie for errors of
18  state law.'" Estelle v. McGuire, 502 U.S. 62, 67 (1991) (quoting Lewis v. Jeffers, 497 U.S. 764,
19  780 (1990)). The federal habeas statute under which petitioner proceeds "unambiguously
20  provides that a federal court may issue a writ of habeas corpus to a state prisoner 'only on the
21  ground that he is in custody in violation of the Constitution or laws or treaties of the United
22  States.'" Wilson v. Corcoran, 562 U.S. 1, __, 131 S.Ct. 13, 15 (2010) (per curiam) (quoting 28
23  U.S.C. § 2254(a)). To the extent that petitioner is challenging – as it appears he may be –
24  California prison officials' failure to follow the state's own statutory requirements regarding
25  psychological and/or psychiatric evaluations during the parole process, petitioner is informed that
26  such claims are not a cognizable basis for federal habeas relief. Petitioner is further informed that
27  the Due Process Clause does not entitle California state prisoners to counsel at hearings where it
28  is determined whether to grant parole. Dorado v. Kerr, 454 F.2d 892, 897 (9th Cir. 1972).

As petitioner has failed to specify potentially-cognizable grounds for federal habeas relief in his petition, the petition will be dismissed. See Rules 2(c) & 4, Rules Governing § 2254 Cases.

Petitioner will be granted leave to file an amended petition setting forth any grounds for relief. Petitioner is encouraged to attach, as exhibits to his amended petition, any decisions of California state courts demonstrating that petitioner has fully exhausted the claims that he is seeking to bring before this court.

In light of the foregoing, IT IS HEREBY ORDERED that:

1. Petitioner is granted leave to proceed in forma pauperis;

2. Petitioner's application for writ of habeas corpus is dismissed with leave to amend within thirty days from the date of this order;[1]

3. Any amended petition must bear the case number assigned to this action and the title "Amended Petition"; and

4. The Clerk of the Court is directed to send petitioner the court's form for application for writ of habeas corpus.

Dated: December 18, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

JM /wyat1932.114.new

---

[1] By setting this deadline the court is making no finding or representation that the petition is not subject to dismissal as untimely.

3